UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOSE RICARDO DELGADO-DELFIN, | ) | CASE NO. 4:13cv1271 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| vs. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| MICHAEL PUGH, Warden, | ) | |
| RESPONDENT. | ) | |

On June 7, 2013, petitioner *pro se* Jose Ricardo Delgado-Delfin, an inmate at the Northeast Ohio Correctional Center, filed the above-captioned petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He asserts he was denied due process of law in connection with loss of good time credits because of a finding he committed a disciplinary infraction by possessing a cell phone. In particular, he says that the regulatory notice requirements on the timing of his hearings and of the issuance of written decision by the Disciplinary Hearing Officer were not precisely followed. Petitioner also asserts that the removal of visitation and other privileges because of his possession of the cell phone constitutes double jeopardy.

Claims asserted by federal prisoners seeking to challenge the execution or manner in which a sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998) (citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)); *Wright v.*

*United States Bd. of Parole*, 557 F.2d 74, 77 (6th Cir.1977). Here, petitioner has properly filed his request for habeas relief in this Court, as it has personal jurisdiction over his custodian. The substance of his petition fails, however, as a matter of law.

When a prisoner faces the loss of good time credits, due process requires that he receive the following hearing rights: 1) written notice of the hearing at least twenty-four hours in advance; 2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and 3) a written statement by the factfinder of the evidence relied upon and the reason for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974). In addition, some evidence must exist to support the disciplinary conviction. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455-56 (1985). There are no allegations plaintiff was not afforded the foregoing due process rights in connection with his discipline.

Federal courts do not assess credibility or weigh evidence when reviewing a disciplinary conviction. "[T]he requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits." *Superintendent*, 472 U.S. at 455. Further,

> [a]scertaining whether this ["some evidence"] standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.

*Id*. at 455-56.

This Court cannot review a disciplinary committee's resolution of factual disputes. *Id*. at 455. A district court merely ensures that a disciplinary decision is not arbitrary and that it has evidentiary support. *Id*. at 457. Thus, the only question is whether or

2

not the DHO had "some evidence" to ensure fairness and justify the findings made. Petitioner does not suggest there was a lack of evidence he possessed a cell phone; indeed, he does not deny he did possess it.

Finally, the constitutional prohibition against double jeopardy does not apply to prison discipline, *Hardy v. Parnell*, No. 5:13CV-P73-R, 2013 WL 5944152, * 5-6 (W.D. Ky. Nov. 5, 2013), as the Double Jeopardy Clause protects only against multiple *criminal* punishments for the same offense. *Hudson v. United States*, 522 U.S. 93, 98 (1997).

For all the foregoing reasons, the request to proceed *in forma pauperis* is granted, and this action is dismissed pursuant to 28 U.S.C. § 2243. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: December 9, 2013

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**